*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOVITA CRUZ-CASTANEDA,

Defendant-Appellant.

UNPUBLISHED
January 26, 2023

No. 358356
Clinton Circuit Court
LC No. 20-010648-FH

Before: PATEL, P.J., and BORRELLO and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right her jury-trial convictions of assault and battery, MCL 750.81, assault with a dangerous weapon (felonious assault), MCL 750.82, and domestic violence, MCL 750.81(2). The trial court sentenced defendant to 93 days in jail for assault and battery, 180 days in jail for felonious assault, and 93 days in jail for domestic violence, and two years' probation. For the reasons set forth in this opinion, we affirm defendant's convictions and sentences.

## I. BACKGROUND

This case arises out of a domestic dispute between defendant and the victim on July, 13, 2019, when defendant, who was his wife at the time, drunkenly called the victim at approximately 5:00 a.m. while he was sleeping and asked him to pick her up. According to the victim, defendant began insulting the victim over the phone, so the victim told her to "sleep it off" and hung up the phone. At approximately 6:00 a.m., the victim awoke to defendant throwing dresser drawers onto him. Defendant then climbed onto the victim's back, and she began biting his back and hitting his head. Defendant got off of the victim and began throwing things at him. Defendant subsequently got back onto the victim's back and choked him with a belt. The victim yelled for his friend, who was asleep on the floor above, to call 911. When defendant saw that the victim's friend had called 911, she left the room. The victim locked himself in the bathroom while he was on the phone with 911 because defendant grabbed a large knife from the kitchen and chased after him with it. Defendant continued to insult and threaten to kill the victim. Though defendant eventually left the house, the victim remained in the bathroom until the police arrived.

Two police officers testified that they responded to the domestic dispute, and they interviewed the victim and his friend to determine what had happened. Both officers recalled seeing bite marks, red marks, and strangulation marks on the victim. Defendant turned herself in the day after the assault, and she provided a written statement in which she claimed that she acted in self-defense. The officers testified that based on their interviews, the evidence collected at the house, and defendant's statement, they believed that defendant was the aggressor in the assault. Despite the defense's objections, the trial court allowed the officers' testimony.

Defendant's primary defense at trial was self-defense. Before the witnesses were presented, the prosecutor made an oral motion in limine to preclude defendant from presenting evidence alleging past domestic violence by the victim. Defense counsel insisted that the prior acts related directly to self-defense, but the trial court found that the prior acts were inadmissible under MRE 404(a) and MRE 608(b). Defendant's entire written statement in which she claimed self-defense was submitted as evidence, and the trial court instructed the jury on self-defense.

Defendant was convicted and sentenced as indicated above. This appeal then ensued.

II. ANALYSIS

On appeal, defendant first contends that her defense was based on her acting in self-defense, and the trial court abused its discretion by excluding evidence of the victim's prior acts of violence against defendant under MRE 404(a)(4) and MRE 608. Furthermore, defendant argues that evidence showing the victim's prior acts of violence toward defendant should have been admitted under MRE 404(b)(1) to show defendant's motive and intent. As a result of the trial court's ruling, defendant contends she was denied her right to present a defense.

We review evidentiary issues for abuse of discretion. *People v Thorpe*, 504 Mich 230, 252; 93 4 NW2d 693 (2019). "The decision to admit evidence is within the trial court's discretion and will not be disturbed unless that decision falls outside the range of principled outcomes. A decision on a close evidentiary question ordinarily cannot be an abuse of discretion." *Id*. at 251-252 (quotation marks and citation omitted). "Preliminary questions of law, including whether a rule of evidence precludes the admission of evidence, are reviewed de novo." *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013). "Whether a defendant was deprived of [her] constitutional right to present a defense is reviewed de novo." *People v Bosca*, 310 Mich App 1, 46-47; 871 NW2d 307 (2015).

The admission of character evidence to prove an individual acted in conformity with that trait on a specific occasion is prohibited, unless a listed exception applies. MRE 404(a). Here, the only possible exception under MRE 404(a) that the victim's alleged past acts of domestic violence could be admitted under was subsection (4), which allows evidence of a witness's character pursuant to MRE 607, MRE 608, MRE 609. The trial court considered MRE 404(a)(4), and it held that the evidence was inadmissible, reasoning that the specific instances of conduct were inadmissible because they did not concern the truthfulness or untruthfulness of the victim as mandated by MRE 608(b). It is clear from the record and on appeal that defendant sought admission of the evidence to prove that the victim had a propensity for violence, and he was acting in accordance with that trait on the day of the assault. Such a purpose is expressly prohibited by MRE 404(a).

Defendant also argues that the trial court abused its discretion by failing to consider admissibility of the prior-acts evidence under MRE 404(b) to show defendant's motive and intent. Because defendant failed to argue in the trial court that the evidence was admissible under MRE 404(b), this issue is unpreserved. See *People v Montague*, 338 Mich App 29, 50; 979 NW2d 406 (2021). Accordingly, we review defendant's claim "for plain error affecting the defendant's substantial rights." *People v Brown*, 326 Mich App 185, 195; 926 NW2d 879 (2019) (quotation marks and citation omitted). The defendant bears the burden of persuasion and, to obtain appellate relief, must show: (1) an error occurred, (2) the error was clear or obvious, and (3) the error affected substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *People v Allen*, 507 Mich 597, 614; 968 NW2d 532 (2021) (quotation marks and citation omitted).

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith" but may be admitted as "proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident." MRE 404(b)(1). To admit evidence under MRE 404(b)(1), the offering party must show: (1) it is offered for a proper purpose, (2) it is relevant, and (3) its probative value is not substantially outweighed by the danger of unfair prejudice. *People v VanderVliet*, 444 Mich 52, 64-65; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994).

Defendant has failed to show that the victim's alleged prior acts of violence were offered for a proper purpose. See *id*. To show that a proper purpose exists, defendant "must explain how and demonstrate that the other-acts evidence is logically relevant to the stated purpose without relying on an impermissible propensity inference." *People v Galloway*, 335 Mich App 629, 638; 967 NW2d 629 (2020). When making her offer of proof, defendant claimed that the evidence related "directly to self-defense." However, "[m]echanically *reciting* a proper purpose does not actually demonstrate the *existence* of a proper purpose." *Id*. (quotation marks and citation omitted; ellipsis omitted). As previously stated, in the trial court, defendant admitted that she intended to use the victim's prior acts of violence to show that the victim acted violently on the day of the assault, and the trial court found that to be defendant's intended purpose. Because defendant failed to show that the evidence was offered for a proper purpose, her argument that the prior acts should have been admitted under MRE 404(b)(1) necessarily fails. Accordingly, defendant is not entitled to relief.

Defendant next argues that the trial court abused its discretion by admitting testimony from police officers suggesting that defendant was the aggressor in the assault, and that the officers' statements impermissibly expressed an opinion on defendant's guilt.

It has long been held that an officer "may not opine about the defendant's guilt or innocence in a criminal case." *People v Heft*, 299 Mich App 69, 81; 829 NW2d 266 (2012). However, that does not mean that an officer cannot give their opinion based on experience, observations, and training so long as their testimony is rationally based on perceptions made during an investigation. MRE 701; *People v Allen*, 331 Mich App 587, 609-610; 953 NW2d 460 (2020), vacated on other grounds 507 Mich 856 (2021). Here, both officers personally observed numerous red marks and bite marks on the victim's upper body, back, and neck. One officer testified that the victim was

"definitely a victim of an attack" because the injuries he observed were consistent with how the victim said he got the injuries and with other evidence found on the scene. The other officer testified that after speaking to the victim and his friend, it was his understanding that defendant had caused the injuries. Both officers also testified that the bite marks on the victim's back were consistent with being attacked. A fair reading of the record indicates that neither officer testified about defendant's guilt; rather, the officers were explaining opinions and conclusions based on their personal perceptions of the victim's injuries, the interviews, and the other collected evidence during the investigation. See *Allen*, 331 Mich App at 609; *Heft*, 299 Mich App at 83. Accordingly, defendant is not entitled to relief.

As previously stated, defendant also argues on appeal that as a result of what defendant characterizes on appeal as the erroneous trial court rulings on evidentiary issues, she was denied her constitutional right to present a defense.

"It is well established that a criminal defendant has a constitutional right to a meaningful opportunity to present a complete defense." *Bosca*, 310 Mich App at 47 (quotation marks and citation omitted). However, a defendant "must still comply with established rules of procedure and evidence designed to assure both fairness and reliability on the ascertainment of guilt and innocence." *People v King*, 297 Mich App 465, 474; 824 NW2d 258 (2012) (quotation marks and citation omitted). Here, defendant offered evidence of the victim's alleged prior acts of domestic violence in an attempt to show that he acted violently on the day of the assault, which is expressly prohibited MRE 404(a). Additionally, the record shows that defendant did not intend to use the prior acts to attack the victim's truthfulness, which was the only permissible purpose under MRE 404(a)(4) and MRE 608(b).

Furthermore, despite the trial court's exclusion of evidence of the victim's prior acts, the record makes clear that defendant was able to present her self-defense claim. Defendant had ample opportunity to cross-examine the victim, the victim's friend, and the responding officers. Defendant's entire written statement addressing the assault, in which she asserted self-defense, was admitted as evidence, *and* the jury was instructed on self-defense. Therefore, the jury was afforded the opportunity to consider defendant's self-defense claim. As such, the record directly contradicts defendant's contention that she was denied her constitutional right to present a defense. Accordingly, defendant is not entitled to relief.

Defendant argues that the commutative effect of all her alleged errors that occurred during trial entitles defendant to a new trial. "The cumulative effect of several minor errors may warrant reversal even where the individual errors in the case would not warrant reversal." *People v Hill*, 257 Mich App 126, 152; 667 NW2d 78 (2003). However, "[a]bsent the establishment of errors, there can be no cumulative effect of errors meriting reversal." *People v Dobek*, 274 Mich App 58, 106; 732 NW2d 546 (2007). Having concluded the trial court committed no error, defendant is not entitled to relief on this issue.

Affirmed.

/s/ Sima G. Patel
/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro